UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cr-18 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| ANTHONY T. FERGUSON, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582(c)(2) AND 18 U.S.C. 3582(c)(1)(A) U.S.S.G. 1B1.13 (DOC. NO. 72)**

---

This case is before the Court on a Motion for "Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) and 18 U.S.C. 3582(c)(1)(A) U.S.S.G. 1B1.13" (the "Motion") (Doc. No. 72), filed by Defendant Anthony T. Ferguson ("Ferguson"). Ferguson is currently serving his term of imprisonment at FCI Thomson in Thomson, Illinois. He asks the Court for a compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391).[1] (Doc. No. 72 at PageID 654.) Ferguson alleges that he has received a cancer diagnosis and, therefore, extraordinary and compelling circumstances justify a reduction of his term of incarceration. (*Id.*) For the reasons discussed below, the Court **DENIES** Ferguson's Motion.

---

[1] Ferguson mentions 18 U.S.C. § 3582(c)(2) and retroactive amendments to the Sentencing Guidelines in passing, but provides no substantive argument for his release from imprisonment pursuant to a change in law. (*See e.g.*, Doc. No. 72 at PageID 654.) Therefore, the Court will disregard 18 U.S.C. 3582(c)(2) for purposes of Ferguson's Motion.

1

I.  **BACKGROUND**

On February 13, 2020, the Government charged Ferguson by Indictment with a single count related to the possession and sale of a narcotics containing a detectable amount of fentanyl. (Doc. No. 17.) On May 24, 2022, pursuant to a plea agreement, Ferguson pled guilty to the count charged in the Indictment: intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). (Doc. Nos. 55; 56.) The Statement of Facts attached to the Plea Agreement, signed by Ferguson and his attorney, states:

> On or about December 30, 2019, in the Southern District of Ohio, defendant ANTHONY T. FERGUSON did conspire with others known and unknown, to knowingly and intentionally possess with intent to distribute 400 grams or more. of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyll] propanamide, a Schedule II controlled substance.
>
> On December 27, 2019, pursuant to a federal search warrant, United States Postal Inspectors lawfully searched a package (hereinafter "the Package") addressed to Defendant's address, with a return address in San Diego, California. The Package. contained a box containing a child's toy, wrapped in wrapping paper. Inside the child's toy box was a wrapped, taped, and vacuum sealed bag containing a white powdery substance. Laboratory testing revealed this substance to be approximately 1,977.9 grams of fentanyl.
>
> The fentanyl was replaced with sham, and on December 30. 2019, a controlled delivery of the Package was carried out at 225 Gramont Ave., Dayton, OH 45417. FERGUSON, who had been contacted about a package being delivered, arrived at the residence and eventually collected the Package. FERGUSON collected and opened the Package with the intent to obtain the narcotics and distribute them.
>
> Having conspired with others, FERGUSON knowingly and intentionally possessed the approximately 1,977.9 grams of fentanyl, with the intention of distributing the fentanyl to others.

(Doc. No. 55 at PageID 538.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") for Ferguson. (Doc. No. 63.) The PSR reported that Ferguson was being treated for high blood

pressure. (*Id.* at PageID 601-02.) Ferguson alleges that he has since been diagnosed with "Polycythemia-Vera-Cancer" and the Bureau of Prisons ("BOP") is deliberately indifferent to his condition. (Doc. No. 72 at PageID 654.) However, Ferguson has submitted no evidence to corroborate these allegations.

At sentencing in this case, the Court imposed a 54-month term of incarceration, three years of supervised release with special conditions, a $100 special assessment, and the forfeiture of property. (Doc. No. 66.) Ferguson is currently 53 years old and has an anticipated release date of April 13, 2026. (*See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (last visited May 20, 2024).)

On April 10, 2024, Ferguson filed the instant Motion. (Doc. No. 72.) The Government filed no response to Ferguson's Motion and Ferguson has filed no reply or other supplemental briefing. The Motion is now ripe for review and decision.

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). A court may ultimately deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

As a point of order, courts may not consider the Sentencing Commission's applicable policy statements without first determining whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction. U.S.S.G. § 1B1.13(a). Further, a court's finding that the applicable § 3553(a) factors militate against a sentence reduction may outweigh a finding of extraordinary and compelling circumstances. *Jones*, 980 F.3d at 1108; *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in § 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the

---

age and years in prison." *United States v. Ruffin, 978 F.3d 1000, 1003 (6th Cir. 2020)*.

4

offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. Application

Ferguson asks the Court to grant him a compassionate release based on extraordinary and compelling circumstances. (Doc. No. 72 at PageID 654.) Specifically, Ferguson claims that he has been diagnosed with cancer while incarcerated and cannot receive adequate medical care while in the BOP's custody. (*Id.*) Ferguson further contends that the various sentencing factors contained in 18 U.S.C. § 3553(a) weigh in favor of his release. (*Id.* at PageID 656-58.)

#### 1. Preliminary Matters

Throughout his Motion, Ferguson notes that the Court should release him to serve the remainder of his term of imprisonment on home confinement. (*See* Doc. No. 72 at PageID 654.) Such a request amounts to asking the Court to change the place where Ferguson's sentence will be served. However, the BOP has the sole authority to determine the place of a defendant's confinement. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Murphy*, No. 15-20411, 2020 U.S. Dist. LEXIS 85624, at *4, 2020 WL 2507619, at *2 (E.D. Mich. May 15, 2020) (citing 18 U.S.C. § 3621(b); *see also United States v. Caudle,* 2019 U.S. Dist. LEXIS 176346, at *4, 2019 WL 5086422 at *2 (N.D. Ohio Oct. 9, 2019)). Therefore, the Court is without authority to release Ferguson on home confinement.

#### 2. Section 3582 Considerations

##### i. Exhaustion of Administrative Remedies

The Court first finds that Ferguson's Motion fails for failure to exhaust his administrative remedies. Section 3582 requires that a defendant may only move for modification of his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Ferguson has not so much as alleged that he requested the BOP to bring the instant Motion on his behalf. Hence, Ferguson has not exhausted his administrative remedies here and the Motion must be **DENIED**.

### ii. Extraordinary and Compelling Circumstances

Even if Ferguson had exhausted his administrative remedies, he would be unable to demonstrate extraordinary and compelling circumstances under the current Motion. Defendants may establish extraordinary and compelling circumstances where they suffer "from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Here, Ferguson has offered no evidence of his cancer diagnosis or the BOP's deliberate indifference to his medical needs. Instead, Ferguson relies solely on his allegations. Without corroborating evidence of Ferguson's claims, the Court cannot find that those allegations give rise to extraordinary and compelling circumstances which justify a modification of Ferguson's term of imprisonment. Thus, the Motion must otherwise be **DENIED** for failure to demonstrate extraordinary and compelling circumstances.

### iii. Section 3553(a)

Nevertheless, if Ferguson were able to establish the existence of extraordinary and compelling circumstances, the applicable § 3553(a) factors would still militate against a sentence

reduction in this case. The Court has considered Ferguson's arguments and the § 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Ferguson's history and characteristics. *See* 18 U.S.C. § 3553(a)(1).

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Ferguson is currently incarcerated involved large quantities of fentanyl. (Doc. No. 55 at PageID 538.) Fentanyl is a dangerous, and potentially lethal, controlled substances. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Morales-Medina*, No. 3:16-cr-00039, 2021 U.S. Dist. LEXIS 90270, at *16, 2021 WL 1909708 (S.D. Ohio May 12, 2021) ("Both heroin and fentanyl are dangerous, and potentially lethal, controlled substances"); *United States v. McBeath*, No. 3:15-cr-00169-1, 2021 U.S. Dist. LEXIS 66214, at *14, 2021 WL 1267529 (S.D. Ohio Apr. 6, 2021) (heroin and fentanyl "are dangerous, potentially lethal, controlled substances"); *United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"); *United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020) (fentanyl is "an exceptionally dangerous drug"). This weighs strongly against a sentence reduction. *United States v. Marshall*, No. 18-cr-20491, 2020 WL 5369038, at *3, 2020 U.S. Dist. LEXIS 162919 (E.D. Mich. Sept. 8, 2020) (noting that

7

fentanyl is an extremely potent and dangerous drug and, thus, the nature of fentanyl-related offenses "weighs significantly against release").

Having considered Ferguson's arguments and the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that reduction in the term of imprisonment here is not warranted. Ferguson admitted to the possession and intent to distribute nearly two kilograms of fentanyl, an exceptionally dangerous and lethal narcotic. (Doc. No. 55 at PageID 538.) As discussed above, such a dangerous offense counsels heavily against Ferguson's release. Ferguson provides no evidence to overcome the dangerousness of his offense. Further, the Court finds Ferguson's arguments to be unavailing against the backdrop of this dangerousness.

Thus, even if the first two Section 3582 requirements were met, the Court finds that consideration of the applicable Section 3553(a) factors does not support granting a reduction in this case. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021); *Wright*, 991 F.3d at 720.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion for "Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) and 18 U.S.C. 3582(c)(1)(A) U.S.S.G. 1B1.13" (Doc. No. 72) in all respects.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, May 21, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE